Filed 5/15/13  P. v. Hands CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RUBEN LAMAR HANDS,<br><br>    Defendant and Appellant. | A137650<br><br>(San Francisco City & County<br>Super. Ct. Nos. 218569) |

Appellant Ruben Lamar Hands (appellant) appeals from his conviction and resulting sentence to one count of second degree robbery (Pen. Code,[1] § 211).

Appellant's counsel has filed an opening brief in which no issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel's declaration states that he notified appellant that no issues were being raised by counsel on appeal, and that an independent review under *Wende* instead was being requested.  Appellant was also advised of his right personally to file a supplemental brief raising any issues he chooses to bring to this court's attention.  No supplemental brief has been filed by appellant personally.

To assist this court in its review, pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel points out as a possible issue whether the trial court erred in denying appellant's motion to withdraw his guilty plea.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

## PROCEDURAL AND FACTUAL BACKGROUND OF CASE

A one-count felony complaint was filed by the San Francisco County District Attorney's Office on November 22, 2011, charging appellant with second degree robbery (§ 211). Sentencing enhancements were also alleged, including that appellant's prior criminal record made him ineligible for probation, that his prior criminal convictions included one strike within the meaning of this state's Three Strikes law, one prior "serious" felony, within the meaning of section 667, subdivision (a)(1), and that he had served three separate, prior state prison terms, within the meaning of section 667.5, subdivision (b). On that same date, appellant requested to waive the right to have counsel appointed to represent him, and instead to represent himself. The request was granted by the trial court after finding, through observations and questioning, that appellant voluntarily, intelligently, and knowingly waived his right to counsel, with a full understanding of the dangers and disadvantages of self-representation.

The incident leading to the filing of the criminal complaint occurred on August 26, 2010, in San Francisco's Tenderloin neighborhood. At that time, appellant was caught by an undercover police officer conducting a "buy/bust" operation. Appellant took the officer's money for the drugs he was told appellant was selling to him, only to find that there were no such drugs in the package handed to the officer. When the officer asked for his money back, appellant refused and threatened to physically beat the officer. Appellant then approached the officer with clenched fists, and the officer activated his distress/arrest signal. Other officers then arrived on scene and appellant was arrested.

At the next hearing on November 29, 2011, the trial court appointed advisory counsel to assist appellant. Arraignment was then held, at which time appellant pleaded not guilty to the charge in count one and denied all of the special allegations.

On March 15, 2012, appellant, with the assistance of counsel, filed a motion to discover certain personnel records pertaining to the three police officers involved in his arrest. A stipulation regarding this motion was then filed and signed both by appellant and legal counsel for the San Francisco Police Department on April 9, 2012. The court

approved the stipulation and ordered the documents encompassed by the stipulation to be produced by the San Francisco Police Department.

When the matter came on for a preliminary hearing, appellant and the prosecution entered into a plea disposition. Its terms included that appellant would withdraw his not guilty plea and instead plead guilty to second degree robbery. As part of the plea, appellant was advised that he was not eligible for probation, that he would be sentenced to a three-year midterm, which would be doubled for a total of six years in state prison. The state prison sentence would be served concurrent to another sentence appellant had received in a criminal case pending in Alameda County. Other fines and penalties would be imposed.

Advisory counsel was present when the plea was placed on the record. Counsel indicated that counsel had explained to appellant all of the constitutional rights he was giving up by agreeing to the plea. These included the right to a preliminary hearing at which time appellant could cross-examine witnesses. Appellant was also advised by counsel that by pleading guilty he was waiving his right against self-incrimination, his right to a trial by jury, including the right to confront all witnesses against him in court. Counsel had also advised appellant that under the terms of the negotiated disposition, he would not be eligible for a grant of probation, and that he would receive a state prison sentence totaling six years. Because the crime to which he was pleading guilty was a strike under California's Three Strikes law, the plea could be used against him in any future criminal cases, including subjecting him to a potential term of 25 years to life in prison in the event he was subsequently convicted of a felony. Counsel also advised appellant that he would be ineligible to serve any future state prison sentence in county jail, pursuant to section 1170, subdivision (h).

After advisory counsel finished informing the court of the terms of the plea, and the admonitions counsel had given to appellant concerning the consequences of the plea, the trial court itself reiterated these consequences and the rights appellant was waiving by entering his plea. In addition to the above, appellant also acknowledged that appellant

3

waived his right to be sentenced by the same judge who took his plea,[2] and that his plea was not coerced or entered into under any pressure to plead guilty, and was freely and voluntarily entered.

Thereafter, before sentencing took place, appellant filed a motion to withdraw his guilty plea. The motion was made on the grounds that the plea was entered by him under duress and without his understanding the consequences of the plea, resulting from mistake, ignorance or inadvertence. The prosecution filed opposition to the motion to withdraw the guilty plea. Apparently,[3] the motion was based on appellant's claim that he agreed to plead guilty in order to get out of county jail custody where he had been threatened by some other inmates. Thus, he claimed that he would not have entered the plea "but for the reasonable fear for his own safety." This reason likewise was addressed by advisory counsel at the hearing held on the motion on January 9, 2013. Counsel attempted to clarify that the basis for the motion was more of a "duress type of argument," and not that appellant did not understand the consequences of his plea. The prosecutor responded that appellant had made an insufficient showing as to how these alleged threats from other inmates related in any way to his plea of guilty to a state prison term, not to a local custody term. The district attorney noted also that appellant had been sentenced to serve a state prison term of seven years in an Alameda County criminal case involving an unrelated robbery, and the parties had worked closely with counsel in this case to ensure appellant could remain in local custody until the San Francisco case was concluded. This allowed appellant the opportunity to have several visits with his ailing grandmother.

After hearing from counsel, the trial court denied the motion, finding that appellant had failed in his burden to show by clear and convincing evidence that there was good cause to withdraw his plea. Appellant was then sentenced in accordance with the negotiated plea. This included imposing an aggregate six-year state prison sentence

---

[2] *People v. Arbuckle* (1978) 22 Cal.3d 749.

[3] Appellant's unredacted declaration in support of his motion to withdraw his guilty plea is not part of the record on appeal.

to run concurrent to the sentence in the Alameda County case, less total local custody credits of 484 days.

Thereafter, appellant filed a request for a certificate of probable cause as to his motion to withdraw his plea, which was granted. This appeal followed.

### CONCLUSIONS BASED UPON INDEPENDENT RECORD REVIEW

Upon our independent review of the record we conclude there are no meritorious issues to be argued, or that require further briefing on appeal.

We conclude that appellant's guilty plea was knowingly and voluntarily entered after a full admonishment of the rights he was waiving by pleading guilty and after being advised of the full consequences of that plea. We also conclude that we perceive no error in the trial court's denial of appellant's motion to withdraw his plea. Appellant was sentenced in accordance with the negotiated guilty plea, and the terms of the sentence, including all fines and penalties, were consistent with applicable law.

### DISPOSITION

The judgment is affirmed.

_____
RUVOLO, P. J.

We concur:

_____
REARDON, J.

_____
RIVERA, J.

5